Rup, J.
This matter comes before the court on the plaintiff Howard Hoyt’s (Hoyt) motion for a preliminary injunction compelling the defendant Massachusetts Teachers’ Retirement Board (Board) to process his application for retirement benefits.
BACKGROUND
Hoyt worked as a teacher and administrator in the Longmeadow public school system from July 1, 1960 until November 10, 1993. On or about October 4, 1993, Hoyt filed an application for superannuation retirement benefits to be effective November 10, 1993. On December 30, 1993, Hoyt was indicted for alleged violations of the statutes prohibiting indecent sexual assault upon children and unlawful or unnatural sexual intercourse with and abuse of children (G.L.c. 265, §§13B & 23). On February 22, 1994, the Board informed Hoyt that it was postponing action on his application for retirement benefits.
Hoyt appealed the Board’s decision to the Division of Administrative Law Appeals (DALA) which recommended that the claim for retirement benefits should be allowed. However, on further appeal, the Contributory Retirement Appeal Board (CRAB) rejected the DALA’s recommendation and denied Hoyt his retirement benefits.
DISCUSSION
In essence, Hoyt contends that the decision of CRAB denying benefits is based upon an error of law. To prevail on his request for a preliminary injunction, Hoyt must display a substantial risk of irreparable harm and a likelihood of success on the merits. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). In the present case, the combination of criminal indictments and lack of retirement income have placed the plaintiff in a precarious position with regard to his family. By affidavit, the plaintiff has stated the lack of retirement benefits has jeopardized the status of his family residence and his daughter’s college education. In light of these extreme personal difficulties, the plaintiff has sustained his burden of showing irreparable harm.
The plaintiff has also provided convincing evidence of his likelihood of prevailing on the merits. In denying the plaintiffs application, the Board applied G.L.c. 32, §15(4) which states that “(i]n no event shall any member after final conviction of a criminal offense involving violation of the laws applicable to his office or position, be entitled to receive a retirement allowance ...” Contrary to the explicit statutory reference to a “conviction,” the Board denied the plaintiffs application based upon mere pending indictments in the Superior Court. Because the Board’s statutory interpretation appears to constitute an error of law, the plaintiff has demonstrated a likelihood of prevailing on the merits in this matter.[2]
*626 In support of its benefit denial, the Board cites a 1962 Attorney General Opinion which is inapposite the current situation. In Rep. A.G., Pub. Doc. No. 12, 163, 164-65 (1962), the Attorney General opined that a retirement board could deny benefits to a former Department of Public Works employee indicted for stealing from the Commonwealth. Unlike the present case, the charges against the former employee directly implicated financial concerns and quite possibly involved an eventual settlement of accounts. The plaintiff here has not usurped any public funds, but only requests that the Board honor its commitment to render retirement benefits.[3]
Finally, the Board asserts that a balancing of the harms to the parties evidences the potential for misappropriation of public funds. See Packaging Industries Group, Inc. v. Cheney, supra at 617. I note, however, that any such harm would be de minimis. The plaintiff has contributed approximately $45,000 to the retirement fund throughout his employment and the amount currently due him retroactive to November 10, 1993 slightly exceeds the total contribution. Plaintiffs counsel has represented that the criminal matter is scheduled for trial in the next two months. Therefore, the status of plaintiffs benefits will be definitively resolved within a few months, thereby limiting any alleged depletion of the public coffers.
ORDER
Based upon the foregoing reasons, it is hereby ORDERED that the Massachusetts Teachers’ Retirement Board process the retirement benefits application of Mr. Howard Hoyt. This order shall continue until such time as the underlying criminal indictments against Mr. Hoyt are resolved.

Both parties also contest whether the indictments invoke laws applicable to his office or position as required in the statute. Based on my determination regarding the “conviction” issue, it is not necessary to interpret this additional statutory language.

Moreover, the legislature only adopted G.L.c. 32, §15(4) in 1987. Therefore, the Attorney General’s Opinion did not address this particular provision.